UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINO ROMANO,

        Plaintiff,

v.                                                            Case No. 12-MC-50960
                                                          Honorable Denise Page Hood

KIM KARDASHIAN;
NDAMUKONG SUH;
KOURTNEY KARDASHIAN;
KHLOE KARDASHIAN,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, ORDER OF DISMISSAL AND ORDER ENJOINING "GINO ROMANO" FROM FILING FUTURE PLEADINGS WITHOUT LEAVE OF THE COURT**

       Now before the Court is Plaintiff Gino Romano's application to proceed *In Forma Pauperis*. After a review of the application, the Court finds that it supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons stated below, the Court dismisses the Complaint against Defendants Kim Kardashian, Ndamukong Suh, Kourtney Kardashian, and Khloe Kardashian and enjoins "Gino Romano" from filing further pleadings or correspondence without first obtaining leave of this Court.

       In a civil action filed by a non-prisoner proceeding *in forma pauperis*, the district court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) "before process is served or the individual has had an opportunity to amend the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The complaint must be dismissed if the district court determines that the action, when filed, is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant or defendants who is/are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore*, 114 F.3d at 608. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A *pro se* complaint is held to a "less stringent standard" than a complaint drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

This Court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).  A federal court is presumed to lack jurisdiction absent a demonstration that subject matter jurisdiction exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895).  The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. 8(a)(1).

Plaintiff fails to allege any factual basis demonstrating that this Court has jurisdiction over this matter. Plaintiff did not file a complaint. He only filed a motion for preliminary injunction and an application to proceed *in forma pauperis*. Examining the papers filed, the Court finds no basis for the exercise of federal question or diversity subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1345 and 1346.

Even if the Court had subject matter jurisdiction, Plaintiff fails to state a claim against Defendants.  Plaintiff claims that the Kardashians and NFL Player Ndamukong Suh are stalking him and stole items from the Gap and CVS. Plaintiff alleges that Kim Kardashian attempted to shoot him with a poisonous dart.  He also makes the claim that he was pickpocketed in order to

purchase jerseys and a Ford Explorer and was assaulted while with Eminem. Plaintiff has failed to allege a basis for relief. The Court finds that Plaintiff's action must be **DISMISSED** for lack of jurisdiction and failure to state a claim.

The Court is aware that Plaintiff has previously filed similar actions in this and other courts and has been enjoined from further filings. Less than one month ago, Judge Nancy Edmunds enjoined "Gino Romano" and any other alias used by an individual named Jonathan Lee Riches from filing future pleadings absent leave of court. *In re Jonathan Lee Riches*, Case No. 12-50900, Docket No. 3, filed June 21, 2012. The Court is further aware of a similarly baseless motion for preliminary injunction before Judge Sean Cox. In light of these previous actions, this Court further **ENJOINS** the filing of any further correspondence or pleadings from "Gino Romano" generated from the address of 143 Roebling Street, Suite 5, Brooklyn, New York 11211 without first obtaining permission from this Court and providing proof of permission to the Clerk of the Court.

**IT IS SO ORDERED**.


Dated:  July 31, 2012                               s/Denise Page Hood
                                                    DENISE PAGE HOOD
                                                    UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Tuesday, July 31, 2012, by electronic and/or ordinary mail.

                                                    s/Julie Owens
                                                    Case Manager